UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH ZAMBRANO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-01234-KES-CDB <br><br> ORDER DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT GUARDIANS AD LITEM <br><br> (Docs. 11, 12) <br><br> **7-DAY DEADLINE** |

**Background**

Plaintiffs Dutchlynn Broitzmann ("D. Broitzmann") and Oscar Zambrano ("O. Zambrano") (collectively, "Plaintiffs"), as the natural parents and purported successors in interest of decedent Zarah Zambrano, commenced this action against the County of Kern and numerous individual defendants with their filing of a complaint on October 9, 2024.  (Doc. 1).  Although Plaintiffs in their complaint purport to act through respective guardians ad litem, Plaintiffs filed neither appropriate evidence of the appointment of guardians ad litem on their behalf nor motions in this Court for the appointment of guardians ad litem.  Accordingly, on October 18, 2024, because the claims of a decedent minor may only be brought by a next friend or guardian ad litem, the Court directed Plaintiffs to file an application for the appointment a guardian.  (Doc. 10).  In its order, the Court directed Plaintiffs to file an application compliant with Fed. R. Civ. P. 17 and Local Rule 202.  *Id.* at 2

1

Pending before the Court are Plaintiffs' separate applications for the appointment of guardian ad litem – as to Plaintiff O. Zambrano, his older sister Nancy Sanchez, and as to Plaintiff D. Broitzmann, her father Larry Broitzmann. (Docs. 11, 12). Because the motions do not comply with Local Rule 202 as the Court previously directed, the Court will deny the motions without prejudice.

**Applicable Legal Standard**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id*. (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the

candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id*. (citations omitted).

> Further, the Local Rules of the Eastern District of California provide:
>
> (a) Appointment of Representative or Guardian.  Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  See Fed. R. Civ. P. 17(c);
>
> . . . .
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.  (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.  Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000).  However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

In the pending motions, counsel for the Plaintiffs (the natural parents of the decedent on whose behalf they seek to maintain this action, *see* Doc. 1 ¶¶ 1–4) represents that Plaintiffs are minors.  (Doc. 11 ¶ 1; Doc. 12. ¶ 1).  Counsel further represents that Larry Broitzmann is the biological father of minor D. Broitzmann, and that Nancy Sanchez is the elder sibling of minor O. Zambrano.  (Doc. 11 ¶ 3; Doc. 12 ¶ 3).

1 Counsel for Plaintiffs represents that neither the proposed guardian ad litem for D. Broitzmann,
2 (Larry Broitzmann) nor the proposed guardian ad litem for O. Zambrano (Nancy Sanchez) are known
3 to have interests adverse to the interests of the respective Plaintiff they seek to represent.  (Doc. 11 ¶ 3;
4 Doc. 12 ¶ 3).  Counsel further represents that the proposed guardians ad litem are fully competent
5 persons, are qualified to understand and protect the rights of their respective minor's rights and best
6 interests in this case, and are willing and able to act as guardians ad litem for the respective minors in
7 all matters in this case including but not limited to settlement of any claims of their respective minors.
8 (Doc. 11 ¶ 3; Doc. 12 ¶ 3).

9 Plaintiffs' motions do not comply with Local Rule 202(c).  Although both motions indicate
10 that the proposed guardians ad litem (Larry Broitzmann and Nancy Sanchez) may be contacted
11 through counsel, The Law Offices of Shawn A. McMillan, APC, at 4955 Via Lapiz, San Diego, CA
12 92122, and by telephone at (858) 646-0069 (Doc. 11 ¶ 3; Doc. 12 ¶ 3), neither motion discloses the
13 terms under which the attorney was employed and whether the attorney became involved in the
14 application at the insistence of any Defendant.  (Doc. 11; Doc. 12).  Moreover, Plaintiffs' motions do
15 not demonstrate whether the attorney stands in any relationship to Defendants or whether the attorney
16 has received or expects to receive any compensation, from whom, and the amount.  *See* E.D. Cal.
17 Local Rule 202(c).

18 Further, although counsel for Plaintiffs offers an unsworn representation in the motions that the
19 proposed guardians ad litem "have no known interests adverse to the interests of the minor to be
20 represented" (Doc. 11 ¶ 3; Doc. 12 ¶ 3), that is not sufficient to satisfy the Court that there are, in fact,
21 no conflicts of interest.  A sworn attestation by the proposed guardian ad litem (not an unsworn
22 representation by counsel for the minors to be represented) is the appropriate method of satisfying the
23 Court the proposed guardians ad litem do not have interests divergent to those of the minor Plaintiffs.
24 *See* Cal. Code Civ. P. § 372(b)(1); *see also id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad
25 litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the
26 court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest
27 that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the
28 proposed guardian ad litem as with any of the parties.").

4

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiffs' motions (Docs. 11, 12) are DENIED without prejudice.

And it is FURTHER ORDERED that, within seven (7) days of the date of entry of this Order, Plaintiffs SHALL FILE renewed applications that remedy the aforementioned deficiencies consistent with Local Rule 202(c).

IT IS SO ORDERED.

Dated:   **November 4, 2024**                             _____
                                                                                                UNITED STATES MAGISTRATE JUDGE