1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  ZARAH ZAMBRANO, *et al.*,                    Case No. 1:24-cv-01234-KES-CDB

12               Plaintiffs,                      ORDER GRANTING MOTIONS TO APPOINT
                                                  GUARDIANS AD LITEM
13        v.
                                                  (Docs. 14, 15)
14  COUNTY OF KERN, *et al.*,

15               Defendants.

16

17

18  **Background**

19        Plaintiffs Dutchlynn Broitzmann ("D. Broitzmann") and Oscar Zambrano ("O. Zambrano")

20  (collectively, "Plaintiffs"), as the natural parents and purported successors in interest of decedent

21  Zarah Zambrano, commenced this action against the County of Kern and numerous individual

22  defendants with their filing of a complaint on October 9, 2024.  (Doc. 1).  Although Plaintiffs in their

23  complaint purport to act through respective guardians ad litem, Plaintiffs filed neither appropriate

24  evidence of the appointment of guardians ad litem on their behalf nor motions in this Court for the

25  appointment of guardians ad litem.  Accordingly, on October 18, 2024, because the claims of a

26  decedent minor may only be brought by a next friend or guardian ad litem, the Court directed

27  Plaintiffs to file an application for the appointment a guardian.  (Doc. 10).  In its order, the Court

28

1

directed Plaintiffs to file an application compliant with Fed. R. Civ. P. 17 and Local Rule 202.  *Id.* at 2.

On November 4, 2024, the Court denied without prejudice Plaintiffs' motions to appoint guardians ad litem (Docs. 11, 12) for failing to comply with Local Rule 202(c) and directed Plaintiffs to file renewed applications consistent with Local Rule 202(c).  (Doc. 13).  Specifically, the Court found the motions deficient for failing to disclose the terms under which counsel for Plaintiffs was employed and whether counsel became involved in the application at the insistence of any Defendant.  *Id.* at 4:9–17.  Separately, the motions failed to demonstrate whether counsel stands in any relationship to Defendants or whether counsel has received or expects to receive any compensation, from whom, and the amount.  *Id.*  Further, the Court instructed Plaintiffs that "[a] sworn attestation by the proposed guardian[s] ad litem (not an unsworn representation by counsel for the minors to be represented) is the appropriate method of satisfying the Court the proposed guardians ad litem do not have interests divergent to those of the minor Plaintiffs."  *Id.* at 4:18–28.

Pending before the Court are Plaintiffs' renewed separate motions for the appointment of guardian ad litem – as to Plaintiff O. Zambrano, his older sister Nancy Sanchez, and as to Plaintiff D. Broitzmann, her father Larry Broitzmann.  (Docs. 14, 15).  Because the renewed motions comply with Local Rule 202(c) as the Court previously directed, Plaintiffs' motions shall be GRANTED.

**Applicable Legal Standard**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf.  Fed. R. Civ. P. 17(c).  A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  *Id*.  The capacity of an individual to sue is determined "by the law of the individual's domicile."  Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  The Court may appoint a guardian ad litem to represent the minor's interests.  Cal. Code Civ. P. § 372(a).  To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court

appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both

of the following to the court and all parties to the action or proceeding: (1) Any known actual or

potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial

or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v.*

*30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th

Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the

individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of

his ward and may make all appropriate decisions in the course of specific litigation."). The guardian

need not possess any special qualifications, but she must "be truly dedicated to the best interests of the

person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042,

1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that

the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the

candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.*

(citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

3

1    The decision to appoint a guardian ad litem "must normally be left to the sound discretion of

2 the trial court." *30.64 Acres of Land*, 795 F.2d at 804.  Fit parents are presumed to act in the best

3 interests of their children.  *Troxel v. Granville*, 530 U.S. 57, 66 (2000).  However, "if the parent has an

4 actual or potential conflict of interest with [their] child, the parent has no right to control or influence

5 the child's litigation."  *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL

6 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App.

7 4th 36, 50 (2007)).

8 **Discussion**

9    In the pending motions, the proposed guardians ad litem for the Plaintiffs (the natural parents

10 of the decedent on whose behalf they seek to maintain this action, *see* Doc. 1 ¶¶ 1–4) represent that

11 Plaintiffs are minors.  (Doc. 14 ¶ 1; Doc. 15 ¶ 1).  Proposed guardian ad litem Larry Broitzmann

12 represents that he is the biological father of minor D. Broitzmann.  (Doc. 14 ¶ 1).  Proposed guardian

13 ad litem Nancy Sanchez represents that she is the elder sister of minor O. Zambrano.  (Doc. 15 ¶ 1).

14    The proposed guardian ad litem for D. Broitzmann, Larry Broitzmann, nor the proposed

15 guardian ad litem for O. Zambrano, Nancy Sanchez, (collectively, the "proposed guardians ad litem")

16 attest that they have no known interests adverse to the interests of the respective Plaintiff they seek to

17 represent.  (Doc. 14 ¶ 3; Doc. 15 ¶ 3).  The proposed guardians ad litem represent individually that

18 they are fully competent persons, are qualified to understand and protect the rights of their respective

19 minor's rights and best interests in this case, and are willing and able to act as guardians ad litem for

20 the respective minors in all matters in this case including but not limited to settlement of any claims of

21 their respective minors.  (Doc. 14 ¶¶ 3–4; Doc. 15 ¶¶ 3–4).

22    Plaintiffs' motions comply with Local Rule 202(c).  The proposed guardians ad litem each

23 offer a sworn declaration attesting to these representations in their accompanying motions.  (Doc. 14-

24 3; Doc. 15-3).  The proposed guardians ad litem decare they have no familial or affiliate relationship

25 with any of the parties in this action, other than their respective relationships with the Plaintiff

26 minors – Larry Broitzmann as the biological father of D. Broitzmann, and Nancy Sanchez as the elder

27 sister of O. Zambrano.  *Id.*  The proposed guardians ad litem declare they have engaged The Law

28 Offices of Shawn A. McMillian and The Law Offices of Tiffany Chung to represent the Plaintiff

4

1   minors on a contingency fee basis, and understand the attorneys are to be compensated for their efforts

2   solely from the proceeds of any settlement or judgment that may be obtained through their efforts.  *Id.*

3   Counsel for Plaintiffs also attests his representation is undertaken on a contingency fee basis, and that

4   at this point in time, neither of Shawn A. McMillian nor Tiffany Chung's firms have been

5   compensated in any way for the time and effort expended to-date.  (Doc. 14-4; Doc. 15-4).  Counsel

6   for Plaintiffs further declare that neither of the firms have been engaged by any Defendant or

7   Defendant-affiliated person or agency or by any party against whom causes of action are asserted

8   directly or indirectly, nor does either firm hold any interest adverse to the Plaintiff minors.  *Id.*

9   **Conclusion and Order**

10          Accordingly, for good cause shown, it is HEREBY ORDERED:

11      1.  Plaintiffs' motion to appoint Larry Broitzmann as guardian ad litem for D. Broitzmann (Doc.

12          14) is GRANTED; and

13      2.  Larry Broitzmann is appointed to act as guardian ad litem for Plaintiff D. Broitzmann and is

14          authorized to prosecute the action on her behalf; and

15      3.  Plaintiffs' motion to appoint Nancy Sanchez as guardian ad litem for O. Zambrano (Doc. 15) is

16          GRANTED; and

17      4.  Nancy Sanchez is appointed to act as guardian ad litem for Plaintiff O. Zambrano and is

18          authorized to prosecute the action on his behalf.

19   IT IS SO ORDERED.

20      Dated:   **November 6, 2024**      _____

21                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

5