UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH ZAMBRANO, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No. 1:24-cv-01234-KES-CDB<br><br>ORDER GRANTING *EX PARTE* APPLICATION TO EXTEND TIME FOR SERVICE OF PROCESS<br><br>(Doc. 33)<br><br><u>Deadline:  February 21, 2025</u> |

　　　　Plaintiffs Dutchlynn Broitzmann ("D. Broitzmann") and Oscar Zambrano ("O. Zambrano") (collectively, "Plaintiffs"), as the natural parents and purported successors in interest of decedent Zarah Zambrano, commenced this action against the County of Kern and numerous individual defendants with their filing of a complaint on October 9, 2024.  (Doc. 1).  On October 11, 2024, the Clerk of the Court issued summonses and the Court entered an Order setting a mandatory scheduling conference.  (Docs. 4, 5, 6, 7).  The Order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service."  (Doc. 7 p. 1).  The Order further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants."  (*Id.*).

　　　　On November 21, 2024, the Court extended time for Defendant County of Kern to respond to the complaint until January 3, 2025, and continued the January 14, 2025, scheduling conference to February 6, 2025, at 9:00 a.m.  (Doc. 24).  On December 3, 2024, the Court entered order

1

1 extending *nunc pro tunc* time for all County Defendants to have until January 20, 2025, to respond
2 to the complaint.  (Doc. 32).

3 Pending before the Court is Plaintiffs' *ex parte* application to extend the time by 45 days
4 for service of the summons and complaint to the remaining Defendants - Devin Ramey, Monica
5 Castro, and Deborah Karsgor (collectively, "remaining Defendants"), filed on December 5, 2024.
6 (Doc. 33).  The application is supported by the declaration of counsel for Plaintiffs in which
7 counsel attests that "Plaintiffs have diligently attempted to locate and serve all Defendants, but
8 have not been able to complete service on these [remaining] Defendants" as "[s]everal
9 [D]efendants have been unable to be located based on current information in the possession nof
10 Plaintiffs, and or/were not the correct [D]efendant."  (*Id.* at 4); (*see id.* at 4, Decl. Chung, ¶ 13).
11 Plaintiffs anticipate the current statutory time to serve these remaining Defendants "will prove
12 difficult" in light of the upcoming holidays.  (*Id.* at 4).  Plaintiffs attest the proposed extension will
13 not prejudicially delay the proceedings because the pleadings are not yet at issue.  (*Id.*).  Counsel
14 for Plaintiffs attests "[t]his matter could not be placed on the Court's civil law and motion calendar
15 and no stipulation could be made because not all [D]efendants have been served." (Decl. Chung,
16 ¶ 18).  The current statutory deadline to serve the summons and complaint is January 7, 2025.
17 (Doc. 33 at 5); (*see* Doc. 7 p. 1).  On November 14, 2024, counsel for Plaintiffs emailed counsel
18 for Defendant County of Kern its request for extension of time to serve the remaining Defendants.
19 (Doc. 33 p. 5); (*see* Decl. Chung, ¶ 17).  Defendant County of Kern does not oppose the instant
20 request.  (*Id.*).  Counsel for Plaintiffs requests that the Court extend the time for service until
21 February 21, 2024.  (*Id.* at 6).

22 With respect to service, where a plaintiff fails to serve a defendant within 90 days after the
23 complaint is filed, Rule 4(m), Fed. R. Civ. P. requires the Court to dismiss the action or order that
24 service be made within a specified time upon a showing by the plaintiff of "good cause" for
25 the delay.  *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

26 Here, based on counsel for Plaintiffs' attestations, the Court finds good cause to extend the
27 time under Rule 4(m) to effect service on the remaining Defendants.

28 ///
///

Accordingly, in light of Plaintiffs' representations and good cause appearing, IT IS HEREBY ORDERED:

1. Pursuant to Rule 4(m), Fed. R. Civ. P., no later than **February 21 2024**, Plaintiffs SHALL FILE summonses returned executed as to each Defendant; and
2. The February 6, 2025 scheduling conference is reset to March 24, 2025, at 9:00 AM. before Magistrate Judge Christopher D. Baker. The parties are reminded of their obligation to file a joint scheduling report at least one week prior to the conference. (Doc. 7).

IT IS SO ORDERED.

Dated:   **December 6, 2024**

UNITED STATES MAGISTRATE JUDGE