UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH ZAMBRANO, *et al.*,<br><br>    Plaintiffs,<br><br> v.<br><br>COUNTY OF KERN, *et al.*,<br><br>    Defendants. | Case No. 1:24-cv-01234-KES-CDB<br><br>ORDER DENYING FOURTH STIPULATED REQUEST TO EXTEND DEFENDANTS' TIME FOR FILING OF RESPONSE TO COMPLAINT<br><br>(Doc. 39)<br><br>ORDER DENYING STIPULATED REQUEST TO CONTINUE MARCH 24, 2025, SCHEDULING CONFERENCE<br><br>(Doc. 38)<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFFS' FAILURE TO PROSECUTE THIS ACTION AND COMPLY WITH THE COURT'S ORDERS<br><br>(Doc. 7)<br><br>ORDER DIRECTING PLAINTIFFS TO EFECT SERVICE OF THIS ORDER AND TO FILE PROOF OF SERVICE<br><br>**<u>FIVE-DAY DEADLINE</u>** |

### **Background**

Plaintiffs Dutchlynn Broitzmann ("D. Broitzmann") and Oscar Zambrano ("O. Zambrano") (collectively, "Plaintiffs"), as the natural parents and purported successors in interest

of decedent Zarah Zambrano, commenced this action against the County of Kern and numerous individual defendants with their filing of a complaint on October 9, 2024. (Doc. 1). On November 21, 2024, the Court extended time for Defendant County of Kern to respond to the complaint until January 3, 2025, and continued the January 14, 2025, scheduling conference to February 6, 2025, at 9:00 a.m. (Doc. 24). On December 3, 2024, the Court extended *nunc pro tunc* the deadline for all County Defendants (Guadalupe Monreal, Jennifer Ramirez, Sabrina Neubauer, Christina Alegria, Tanya Winston, Sharon Flemming, Tiffany Jones, and County of Kern) to respond to the complaint (January 20, 2025). (Doc. 32). On January 21, 2025, the Court granted the parties' third stipulated request to set a deadline of February 10, 2025, for Plaintiffs' filing of any amended complaint, and to set a deadline of February 18, 2025, for the filing by County Defendants of a responsive pleading if no amended complaint was filed. (Doc. 37).

The Court admonished that no further extensions of the deadline for the filing of responsive pleadings will be granted absent extraordinary circumstances. (*Id.*).

**Stipulated Requests (Docs. 38, 39)**

Pending before the Court are the parties' stipulated request to continue the scheduling conference and fourth stipulated request to extend time for County Defendants to respond to the complaint, timely filed on February 5, 2025. (Docs. 38, 39). In their stipulated request, the parties represent that Plaintiffs have been unable to serve Defendants Ramey, Castro, and Karsgor with the summons and complaint. (Doc. 38 ¶ 3). The parties further represent that Plaintiffs and County Defendants attempted to meet and confer regarding the merits of Defendants' prospective 12(b) motion and Plaintiffs previously intended to file an amended complaint no later than the February 10, 2025, deadline. (Doc. 39 ¶ 3). Plaintiffs represent that on January 28, 2025, Plaintiffs' lead trial counsel Shawn McMillan suffered an acute cardiac event, leading to his admission to the hospital and undergoing surgery on January 29, 2025. (*Id.* ¶ 4). Plaintiffs represent counsel McMillan is currently under care of a doctor, and it is estimated that he will need a minimum of six weeks to recover. (*Id.*). Further, Plaintiffs represent that at this time, counsel McMillan does not know whether additional surgeries and/or medical procedures will be necessary, or whether any complications will arise. (*Id.*). Thus, the parties represent under the circumstances, Plaintiffs

should have until April 1, 2025, to file an amended complaint and County Defendants should file a responsive pleading on or before April 22, 2025.  (*Id.* at 2).

**Discussion**

The Court concludes it is premature to continue the scheduling conference.  Although an extension may be warranted in the future given lead counsel for Plaintiffs' reported medical condition, the Court has insufficient information before it to conclude that good cause warrants further significant delays in scheduling this case.  Among other things, Plaintiffs are represented by three other noticed attorneys in addition to lead counsel and it is unclear why these attorneys are unable to continue with the litigation efforts that reportedly have been ongoing for several months.

Further, the Court concludes that County Defendants have not demonstrated extraordinary circumstances—as required under the Court's earlier order (*see* Doc. 37)—sufficient to grant a fourth extension of time to respond to the complaint.  The current deadline for Defendants' responsive pleading is February 18, 2025 (*see id.*); notwithstanding the parties' reported meet and confer efforts regarding the operative complaint and Plaintiffs' anticipated amendment of that complaint, Defendants offer no reason why they cannot timely file their responsive pleading.

**Order to Show Cause**

On October 11, 2024, the Clerk of the Court issued summonses and the Court entered an order setting the mandatory scheduling conference.  (Docs. 4, 5, 6, 7).  The Court's order directed Plaintiffs to "diligently pursue service of summons and complaint" and "promptly file proofs of service[.]"  (Doc. 7 at 1).  The order further advised Plaintiffs that failure to diligently prosecute this action "may result in the imposition of sanctions, including the dismissal of unserved defendants."  (*Id.*).  To date, Plaintiffs have not filed proofs of service as to Defendants Ramey, Castro, or Karsgor, who have not appeared in the action.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including

1  dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In
2  addition, Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served
3  within 90 days after the complaint is filed, the court - on motion or on its own after notice to the
4  plaintiff - must dismiss the action without prejudice against that defendant or order that service be
5  made within a specified time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to
6  comply with Rule 4(m) requires dismissal of any unserved defendant.
7  Under Rule 4, Plaintiffs were required to complete service of process on all Defendants by
8  January 9, 2025. Accordingly, Plaintiffs will be ordered to show cause why these three Defendants
9  should not be dismissed for their failure to timely effect service.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED:

1. The parties' stipulated request to continue the scheduling conference (Doc. 38) is DENIED;

2. The parties' fourth stipulated request to extend County Defendants' time to respond to the complaint (Doc. 39) is DENIED; and

3. Within **five (5) days** of the entry of this order, Plaintiffs SHALL show cause in writing why sanctions should not be imposed—including dismissal of unserved Defendants or this action in its entirety—for Plaintiffs' failure to prosecute and to serve the summonses and complaint in a timely manner;

**Any failure by Plaintiffs to timely respond to this order to show cause will result in the imposition of sanctions, up to and including a recommendation to dismiss unserved Defendants**.

IT IS SO ORDERED.

Dated:  **February 6, 2025**                         _____
                                                                                          UNITED STATES MAGISTRATE JUDGE