UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZARAH ZAMBRANO, a deceased minor, by and through her successors in interest, DUTCHLYNN BROITZMANN and OSCAR ZAMBRANO; DUTCHLYNN BROITZMANN, an individual; OSCAR ZAMBRANO, an individual, by and through their respective guardians ad litem Larry Broitzmann and Nancy Sanchez,<br><br>                    Plaintiff,<br><br>          vs.<br><br>COUNTY OF KERN, a public entity; GUADALUPE MONREAL, an individual; JENNIFER RAMIREZ, an individual; SABRINA NEUBAUER, an individual; CHRISTINA ALEGRIA, an individual; TANYA WINSTON, an individual; SHARON FLEMMING, an individual; TIFFANY JONES, an individual; KOINONIA FOSTER HOMES, INC., DBA KOINONIA FAMILY SERVICES a California Corporation; DEVIN RAMEY, an individual; MONICA CASTRO, an individual; DEBORAH KARSGOR, an individual; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No. 1:24-CV-01234-KES-CDB<br><br>District Court Judge: Hon. Kirk E. Sherriff<br><br>Magistrate Judge: Hon. Christopher D. Baker<br><br>[PROPOSED] ORDER TO EXCHANGE JUVENILE CASE FILE |

# [PROPOSED] ORDER

A. Upon the Court's entry of this Order to Produce, Plaintiffs are permitted to produce to Defendants those portions of the juvenile case records that are in their possession, custody, and/or control to the extent they are formally requested as permitted under the FRCP and/or subject to FRCP Rule 26 disclosures of Plaintiffs Oscar Zambrano, Dutchlynn Broitzmann, and their Deceased baby Zarah Zambrano;

B. Upon the Court's entry of this Order to Produce, Defendants are permitted to produce to Plaintiff those portions of the juvenile case records that are in their possession, custody, and/or control to the extent they are formally requested as permitted under the FRCP and/or subject to FRCP Rule 26 disclosures of Plaintiffs Oscar Zambrano, Dutchlynn Broitzmann, and their Deceased baby Zarah Zambrano;

C. The parties further agree that the confidentiality of all involved minors, reporting parties, and any other parties whose interests may be implicated shall remain un-redacted and shall be protected from disclosure to the public under the terms of this order without the need for further Court orders;

D. The Parties further agree, pursuant to the execution of this Court's Order to Produce, that they are required and permitted to produce and/or exchange all other documents in unredacted form that might otherwise be protected under WIC § 827, except that information which is subject to an identified privilege arising under Federal Law – which, if withheld, shall be identified in a privilege log.

E. The Parties also agree that the documents exchanged among the Parties are still subject to the provisions of WIC § 827, in that the documents may not be disseminated other than to counsel, including outside counsel and County Counsel, their respective clients, experts, mediators, insurance carriers and any witnesses if needed in this matter, and at trial subject to any admissibility rulings by the Court, and that if any such protected documents are filed with this Court in any proceeding, they shall be filed under seal pursuant to the federal court rules and local rules.

1       F.    That the documents produced by the Parties shall include only those
2 redactions supported by an identified privilege arising under Federal law, including
3 attorney client privilege. The Parties shall serve privilege logs on or before the day
4 the records are exchanged, identifying the ground(s) for any/all redactions. The
5 Parties may submit any such documents to the Court for in-camera review in advance
6 of the scheduled production and/or exchange.

7 IT IS SO ORDERED.

    Dated:   **November 6, 2025**                       /s/
                                                         UNITED STATES MAGISTRATE JUDGE

–3–
[PROPOSED] ORDER TO EXCHANGE JUVENILE CASE FILE